# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

FILED BY _____ D.C.

05 JUN -3  PM 12: 44

ROBERT R. DI TROLIO
CLERK, U.S. DIST. CT.
W.D. OF TN, MEMPHIS

MEMPHIS CENTER FOR INDEPENDENT LIVING,

    Plaintiff,

v.

RICHARD AND MILTON GRANT CO., et al.,

    Defendants,

and

UNITED STATES OF AMERICA,

    Plaintiff-Intervenor,

v.

RICHARD AND MILTON GRANT CO., et al.,

    Defendants.
    Defendant/Counter-Plaintiff.

Case No. 01-2069 D

---

## ORDER GRANTING PLAINTIFF'S SUPPLEMENTAL MOTION FOR ORDER REQUIRING DEFENDANTS TO SUBMIT A FULL REMEDIAL PLAN (dkt. # 536)

---

Before the Court is the motion of the United States ("Plaintiff") for an order requiring Parker, Estes & Associates, Inc.; Richard and Milton Grant Co.; J. Richard Grant; and Milton Grant ("Defendants") to submit a full remedial plan. Defendants oppose the motion on various grounds. For the following reasons, the Court **GRANTS** Plaintiff's motion to compel Defendants to submit a full remedial plan.

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on 6-9-05

586

## I. PROCEDURAL HISTORY

On January 25, 2001, Plaintiff initiated the instant action against Defendants for violations of the Fair Housing Act ("FHA"), 42 U.S.C. §§ 3601-19. On April 7, 2004, the Court granted in part Plaintiff's motion for summary judgment. The Court concluded that Defendants had violated the FHA and granted Plaintiff's motion for summary judgment as to 1) the routes from all ground floor units to on-site amenities and public streets, 2) clubhouses, 3) Wyndham mail kiosks, 4) parking at complex amenities, 5) Wyndham doorways, 6) Wyndham thermostats, 7) reinforcements in Wyndham bathroom walls, and 8) wheelchair accessibility of all ground floor kitchens and bathrooms. The Court denied Plaintiff's motion for summary judgment with respect to resident parking, visitor parking, and reinforcements in Camden bathroom walls. On June 29, 2004, the Court granted in part Defendants' motion for summary judgment as to resident parking.

Defendants filed a petition for interlocutory appeal as to three findings in the Court's order granting in part Plaintiff's motion for summary judgment. On November 4, 2004, the United States Court of Appeals for the Sixth Circuit denied Defendants' petition for permission to appeal. On November 24, 2004, Plaintiff filed a motion for an order requiring Defendants to submit a full remedial plan with respect to those issues resolved in the Court's order granting in part Plaintiff's motion for summary judgment. A trial is scheduled on June 12, 2006, as to the remaining issues.

## II. ANALYSIS

Plaintiff moves the Court to require Defendants to submit a remedial plan which specifies how they will correct the FHA violations previously determined by the Court. Defendants oppose the motion, asserting that 1) Defendants will appeal this Court's findings after the final judgment is entered in the case, 2) performing retrofits that may be the subject of a later appeal constitutes

2

irreparable harm and is an inefficient use of resources; 3) Plaintiff has failed to demonstrate any injury suffered by Plaintiff by waiting until a final judgment is entered before requiring a remedial plan, and 4) Plaintiff's motion to compel a remedial plan includes items not contained in the Court's orders. As discussed below, the Court finds the first three arguments unavailing. The Court agrees, however, with Defendants' fourth argument. As such, the Court will not require the inclusion of items not previously considered by this Court in the remedial plan.

With respect to Defendants' assertion that they may appeal the Court's findings after the entry of a final judgment, the Court notes that requiring Defendants to prepare a remedial plan as to those issues decided in the partial summary judgment order would not prohibit them from later appealing the final judgment. As Plaintiff points out, the development of a remedial plan as to the retrofits does not require the actual implementation of the retrofits prior to an appeal. Thus, requiring Defendants to draft a remedial plan would not serve to hinder Defendants' later appeal of the final judgment.

Next, Defendants argue that they will suffer irreparable harm if required to submit a remedial plan. In so arguing, Defendants contend that requiring them to implement a plan for retrofits prior to a final judgment would result in their tenants being potentially inconvenienced twice and would potentially require them to make retrofits twice. Although Defendants' concerns are legitimate, the Court again points out that requiring Defendants to submit a remedial plan does not necessarily require the implementation of the plan prior to the entry of the final judgment. Moreover, requiring Defendants to draft a remedial plan as to the issues already decided is more efficient than waiting until after the trial in this matter, which is over a year from now. The Court has already ruled on a majority of the alleged FHA violations, and as such, there are relatively few issues remaining for

3

trial.

Defendants also argue that Plaintiff has not established that anyone will be harmed by waiting until the entry of a final judgment to submit a remedial plan. The Court cannot reconcile this argument, however, with its finding that Defendants have violated the FHA such that their apartments are not accessible to individuals with disabilities. The FHA violations would prohibit disabled individuals who wished to live in Wyndham and Camden Grove from doing so. Thus, it is not clear how Defendants can posit this argument.

Finally, Defendants oppose Plaintiff's motion because Plaintiff seeks the inclusion of items in the remedial plan not covered by the Court's orders. Specifically, Plaintiff requests that the remedial plan include the requirements of a third party inspection to insure the compliance of the retrofits with the FHA and compensation to tenants who may be inconvenienced by the retrofits. The Court agrees that these are issues not decided by the Court's order granting partial summary judgment. Furthermore, the Court finds that these issues would be better addressed at the conclusion of the trial in this matter. Accordingly, the Court will not require Defendants to include these items in the remedial plan at this time.

Based on the foregoing discussion, the Court grants Plaintiff's motion to compel Defendants to submit a full remedial plan as to those issues already decided. Thus, within 60 days of the entry of this order, Defendants shall prepare and file with the Court a remedial plan detailing how they intend to remedy the FHA violations, including 1) the routes from all ground floor units to on-site amenities and public streets, 2) clubhouses, 3) Wyndham mail kiosks, 4) parking at complex amenities, 5) Wyndham doorways, 6) Wyndham thermostats, 7) reinforcements in Wyndham bathroom walls, and 8) wheelchair accessibility of all ground floor kitchens and bathrooms.

## III. CONCLUSION

For the aforementioned reasons, the Court **GRANTS** Plaintiff's motion to compel Defendants to submit a full remedial plan as to the FHA violations determined by the Court.

**IT IS SO ORDERED** this ____3rd____ day of June, 2005.

                                                          BERNICE B. DONALD
                                                        UNITED STATES DISTRICT COURT

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 586 in case 2:01-CV-02069 was distributed by fax, mail, or direct printing on June 9, 2005 to the parties listed.

---

Joel E. Roberts
GRAY ROBINSON, P.A.
301 E. Pine Street
Ste. 1400
Orlando, FL 32802--306

Kevin Kijewski
U.S. DEPARTMENT OF JUSTICE
950 Pennsylvania Ave., N. W.
Housing and Civil Enforcement Section
Washington, DC 20530

Stephen H. Biller
THE BOGATIN LAW FIRM
1661 International Place Dr.
Ste. 300
Memphis, TN 38120

Margaret R. Barr-Myers
MEMPHIS AREA LEGAL SERVICES, INC.
109 N. Main Street
Ste. 201
Memphis, TN 38103

William M. Jeter
LAW OFFICE OF WILLIAM JETER
35 Union Ave.
Ste. 300
Memphis, TN 38103

Leo Maurice Bearman
BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ
165 Madison Ave.
Ste. 2000
Memphis, TN 38103

Jeffrey D. Keiner
GRAY ROBINSON, P.A.
301 E. Pine Street
Ste. 1400
Orlando, FL 32802--306

John S. Richbourg
SISKIND & SUSSER
5400 Poplar Ave.
Ste. 300
Memphis, TN 38117

Deborah A. Gitin
U.S. DEPARTMENT OF JUSTICE
950 Pennsylvania Ave., NW
Housing & Civil Enforcement Section- G S
Washington, DC 20530

Jeffery A. Jarratt
GLANKLER BROWN, PLLC
One Commerce Square
Suite 1700
Memphis, TN 38103

Warren D. McWhirter
McWHIRTER WYATT & ELDER
73 Union Ave.
Memphis, TN 38103

Stephen W. Vescovo
THOMASON HENDRIX HARVEY JOHNSON & MITCHELL
40 S. Main St.
Ste. 2900
Memphis, TN 38103--552

John I. Houseal
GLANKLER BROWN, PLLC
One Commerce Square
Suite 1700
Memphis, TN 38103

Theresa L. Kitay
COUGHLIN & KITAY, PC
3091 Holcomb Bridge Rd.
Ste. A-1
Norcross, GA 30071

Jeanine M. Worden
U.S. DEPARTMENT OF JUSTICE
950 Pennsylvania Ave., NW
Housing & Civil Enforcement Section- G S
Washington, DC 20530

Marcy L. Dodds
THOMASON HENDRIX HARVEY JOHNSON & MITCHELL
40 S. Main Street
Memphis, TN 38103

Dawn Davis Carson
HEATON & MOORE, P.C.
100 N. Main St.
Ste. 3400
Memphis, TN 38103

Gary A. Vanasek
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

David Rodney Scruggs
MEMPHIS AREA LEGAL SERVICES
109 N. Main Street
Ste. 201
Memphis, TN 38103--501

Webb A. Brewer
MEMPHIS AREA LEGAL SERVICES, INC.
109 N. Main Street
Ste. 201
Memphis, TN 38103

Thomas J. Keary
U.S. DEPARTMENT OF JUSTICE
950 Pennsylvania Ave., NW
Housing & Civil Enforcement Section- G S
Washington, DC 20530

Susan Buckingham Reilly
U.S. DEPARTMENT OF JUSTICE
950 Pennsylvania Ave., N.W.
Housing and Civil Enforcement Section
Washington, DC 20530

Harriett M. Halmon
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Robert L. Moore
HEATON & MOORE, P.C.
100 N. Main St.
Ste. 3400
Memphis, TN 38103

Honorable Bernice Donald
US DISTRICT COURT